UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                  :

JASON DENT,                         :      **MEMORANDUM**
                Petitioner,      :      **DECISION AND ORDER**
                                    :

      -against-                  :      09 Civ. 1938 (BMC)
                                    :

UNITED STATES OF AMERICA,      :
                                    :

                Respondent.      :

------------------------------------------------------------ X

      Petitioner has filed a motion, purportedly under Federal Rule of Civil Procedure 60, to vacate this Court's Memorandum Decision and Order denying his petition for a writ of habeas corpus. I find that this submission is not a Rule 60 motion, but a mischaracterized motion for leave to file a second or successive habeas corpus petition. Because the Second Circuit has already denied petitioner's motion for leave to file a second or successive habeas corpus proceeding, which motion raised the identical ground for relief raised here, the instant motion is denied.

## BACKGROUND

      By Memorandum Decision and Order dated March 18, 2011, I dismissed on the merits petitioner's request for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 to set aside his conviction or to resentence him on that conviction. He had been convicted on multiple conspiracy counts involving drugs, guns, and murder, and Judge Trager had sentenced him to 480 months' imprisonment. In his habeas corpus petition, he attacked his conviction on the grounds of ineffective assistance of counsel, evidentiary errors, prosecutorial misconduct,

violation of his right of confrontation, and improperly running the sentence on one count as consecutive to the others. In dismissing his habeas corpus petition, I denied a certificate of appeal, as did the Second Circuit.

On February 11, 2013, petitioner filed a motion in the Circuit for leave to file a second or successive habeas corpus petition ("the motion for leave"). The basis of this claim was that petitioner had served a Freedom of Information Act request, seeking the transcript of the grand jury proceeding that led to his indictment, on the Executive Office of the United States Attorney (the "Executive Office"), and the Executive Office had no records responsive to his request. From this, petitioner concluded that the grand jury had never indicted him, and from that, he argued that his conviction had to be vacated. The Second Circuit denied his motion for leave, noting as follows:

> Petitioner's cited evidence does not support his assertion that the second superseding indictment was never submitted to the grand jury. Moreover, the cited evidence, even if it did support Petitioner's claims, does not constitute "newly discovered evidence" within the meaning of § 2255(h)(1), since Petitioner has not demonstrated that it could not have been discovered by Petitioner before the filing of his initial § 2255 motion in 2009. Petitioner first made his Freedom of Information Act ("FOIA") request in 2000, waited until 2007 to refile it, and received a response in 2008. Although another response was dated 2010, that response did not materially differ from the 2008 response.

See Dent v. United States, No. 13-476, at dkt 14 (2d Cir. March 5, 2013) (motion order).

In in the instant motion, petitioner has taken his motion for leave that he previously filed in the Circuit and re-captioned it as a motion to vacate this Court's Order of March 18, 2011, this time relying on Federal Rule of Civil Procedure 60. The argument is the same: petitioner's "recent" discovery that the Executive Office does not have the transcript constitutes newly discovered evidence under Rule 60 that warrants vacating this Court's Order because it shows that the grand jury never handed down the indictment upon which he was convicted.

# DISCUSSION

In <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 530-31 (2005), the Supreme Court made it clear that a petitioner cannot use Rule 60 to avoid the restriction on second or successive habeas corpus petitions, and that the Court has the obligation to characterize the request for relief properly, regardless of the label that the petitioner applies. Although <u>Gonzalez</u> arose in the context of a petition under 28 U.S.C. § 2254, there is no reason why its holding is not equally applicable to petitions filed under 28 U.S.C. § 2255. <u>See</u> <u>Rosario-Dominguez v. United States</u>, No. 03 cv 4675, 2008 WL 4067428 (S.D.N.Y. Sept. 2, 2008). The test laid down by <u>Gonzalez</u> is that if the request for relief attacks the conviction itself, rather than an infirmity in the process that led to the Court's ruling on the habeas corpus petition, then the request for relief is properly characterized as a second or successive habeas corpus petition.

It is obvious that petitioner's current request for relief should be characterized as a second or successive habeas petition. He is plainly challenging his conviction, not the process used to resolve his prior habeas corpus petition, as he contends that "the facts 'clearly and convincingly' demonstrate that Petitioner's verdict and conviction was [sic] secured only as a result of a nonexistent indictment, so egregious and blatant Petitioner's due process of law [sic], under the Fifth Amendment of the United States Constitution were violated." He attempts to fall under Rule 60, and escape <u>Gonzalez</u>, by asserting that he is "not attempting to relitigate the claims he raised in his § 2255 motion, Petitioner only asks that the court explicitly address the merits of his claims (which have never been addressed, due to technical or procedural hurdles)," but that is the point. He is raising an entirely new claim challenging the same conviction that he previously challenged in his §2255 petition.

The claims that he had raised in his habeas corpus petition were determined on the merits; it is only this new claim of the allegedly non-existent indictment which, not having been raised before, has not been determined. The fact that petitioner is not seeking to re-litigate his prior claims does not mean that he can now raise a new claim under Rule 60:

> Using Rule 60(b) to present new claims for relief from a … judgment of conviction – even claims couched in the language of a true Rule 60(b) motion – circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts.

Gonzalez, 545 U.S. at 531, 125 S.Ct. at 2647. Indeed, petitioner's presentation of this exact same new claim in his motion to the Circuit for leave to file a second or successive petition is an acknowledgment that Rule 60 is unavailable to him.

The Second Circuit has made it clear that in a situation such as this, I can utilize either of two options – either transfer this motion to the Circuit as a motion for leave to file a second or successive habeas corpus petition, or deny the motion as beyond the relief available under Rule 60. See Harris v. United States, 367 F.3d 74, 82 (2d Cir. 2004). The first option would make no sense since the Circuit has already denied leave. The instant motion is therefore denied as beyond the scope of Rule 60.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
      May 24, 2013